THE PEOPLE *ex rel.* WILLIAMS, appellant, v. DAYTON, auditor, etc.

*Constitutional law — canal contracts — State Constitution, article 7, section 3 — legislature allowing contract — void contract.*

By a contract made November 15, 1869, the relator agreed to perform certain work on the Erie canal for $3,500. In 1870, when the work was about completed, the legislature passed an act (chapter 767), directing the canal commissioners to change the sum named in the contract to $13,500. No reason was given or appeared for this change. Upon an application for a mandamus to compel the auditor of the canal department to draw a warrant for the increased amount, *held,* by J. POTTER, J. (PARKER, J., contra), that the act in question was in contravention of the provision of the State constitution (article 7, section 3), requiring the giving of contracts for work, etc., on the canals, to the lowest bidder.

The provision of the constitution in question is not limited to the canal board, but applies to and embraces all the departments of the State government.

*Held,* also, that the act named could not be construed as a donation to the relator.

Upon the recommendation of a division engineer the canal board directed certain work, not connected with relator's contract, to be done by him to be paid for as extra work at the estimate of the engineer. In accordance with this direction the relator performed the work. *Held,* that the transaction was contrary to section 3, article 7, of the State constitution.

*Held,* also, that the auditor was justified in refusing to draw a warrant for the amout allowed for such work on the ground of the contract being illegal and, also, on the ground that no appropriation had been made therefor by the legislatnre.

APPEAL from an order of the supreme court at special term denying a peremptory mandamus to compel the respondent as auditor of the canal department to pay two certain claims or demands against the State by drawing his warrant upon the treasurer of the State, etc.

*Peckham & Tremain,* for appellants.

*F. C. Barlow,* attorney-general, for respondent.

J. POTTER, J., delivered an opinion which was concurred in, as to its results, by BOARDMAN, J. PARKER, J., delivered a dissenting opinion. Owing to the fact that the court was divided, and that the case has been since argued in the court of appeals, the opinions are not reported in full.